```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


LUCIENA S. GRANT-FLETCHER      *
                               *
v.                             *   Civil No.: WMN-11-2072
                               *
THE BRACHFELD LAW GROUP, PC    *
                               *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

### MEMORANDUM

Before the Court is a motion to dismiss, ECF No. 17, filed by Defendant, The Brachfeld Law Group, PC.  The motion has been fully briefed and is ripe for decision.  Upon review of the pleadings and the applicable case law, the Court determines that the motion will be granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from communications made in connection with Defendant's efforts to collect debts allegedly accrued by Plaintiff's use of a "Salute Gold Card" credit card.  The communications include a phone conversation that took place on July 13, 2011, and a letter faxed from Defendant to Plaintiff dated July 14, 2011.

Plaintiff alleges that, on July 13, 2011, in response to prior communications, she called Defendant and spoke to a collection agent. Plaintiff alleges that the collection agent advised her that she could not dispute her debt, that if the Defendant reported the debt to the credit bureaus it would not

report that the debt was disputed, and that if Plaintiff disputed the debt there would be adverse consequences to her credit.

The next day, on July 14, 2011, Plaintiff received faxed correspondence from Defendant, a copy of which Plaintiff attached to the amended complaint.  The fax communication included a coversheet and letter.  The coversheet stated that it was from Christopher Johnson at the Brachfeld Law Group, located at an address in Columbus, Ohio.  The letter was printed on letterhead for "The Brachfeld Law Group, PC," and confirmed that Plaintiff had an outstanding balance on her Salute Gold Card and that Defendant was attempting to collect the debt.  The letter was signed by Dana Callahan-Conley, whose title is listed as "Collections Manager."

Plaintiff has filed a two count First Amended Class Action Complaint (Amended Complaint), ECF No. 16.  Count I includes claims under sections 1692e, 1692f, and 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"), and Count II includes claims under the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, et seq., ("MCDCA").

**II. LEGAL STANDARD**

When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled factual allegations of the

complaint as true, and must construe these facts, and reasonable inferences derived therefrom, in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citing Little v. Fed. Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)). Nonetheless, to survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be facially plausible, the plaintiff must plead sufficient factual content that would allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The complaint must be more than a "formulaic recitation of the elements of a cause of action" and must be supported by factual allegations that "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A district court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

### A. Whether this claim falls under the FDCPA

In order to successfully make a claim under the FDCPA, a plaintiff must show that he or she has been the "object of collection activity arising from consumer debt", that the

3

defendant is a debt collector governed by the FDCPA, and that the defendant has "engaged in an act or omission prohibited by the FDCPA."  Brown v. Lanham Ford Inc., No. DKC-09-753, 2010 WL 313253, at *2 (D. Md. Jan. 20, 2010) (quoting Dikun v. Streich, 369 F. Supp. 2d. 781, 784-85 (E.D. Va. 2005)).  According to the FDCPA, "'consumer' means any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3). "'Debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  Id. at § 1692a(5).

Defendant argues that Plaintiff's complaint fails to plead sufficient facts to establish that she is a consumer under the FDCPA.  It argues that the Plaintiff merely alleges that she is a "consumer within the statutes" because she used a "credit card for household and personal purposes only."  Am. Compl. at ¶4. Defendant argues that Plaintiff must "plead facts to establish the nature of the debt" and that "Plaintiff's 'formulaic recitation' of the definition of a consumer debt under the FDCPA . . . simply does not satisfy the requirements of Twombly."  ECF 17-1 at 4.

4

Plaintiff counters this argument by citing cases which describe the definition of "consumer" under the FDCPA as "broad."  See, e.g., Laufman v. Phillips & Burns, Inc., No. 8:07-cv-2171-T-23MSS, 2008 WL 190604, at *1 (M.D. Fla. Jan. 22, 2008).  She argues that courts have ruled that when a complaint alleges that the plaintiff's debts arose from household and family purchases, such allegations were sufficient to survive a motion to dismiss.  See id.; see also Perk v. Worden, 475 F. Supp. 2d 565, 569-70 (E.D. Va. 2007).  The Plaintiff also cites Crespo v. Brachfeld Law Group, a recent case in which Defendant was a party.  In denying the defendant's motion for summary judgment, the court ruled that an affidavit from plaintiff merely stating that "all of the charges made [with the subject credit card] were consumer charges for items of personal, family, and household use" was sufficient to establish a consumer debt under the statute; no itemization of individual purchases was necessary.  Crespo v. Brachfeld Law Grp, No. 11-60569-CIV, 2011 WL 4527804, at *2 (S.D.Fla. Sept. 28, 2011).

Here, while the Plaintiff does not list and describe each purchase made on the credit card, the allegations specify that the card was used only for personal and household purchases. As such, consistent with the cases cited above, the Court holds that at this stage of the proceedings these allegations

sufficiently establish that Ms. Grant-Fletcher is a consumer protected by the FDCPA.

**B. Section 1692g**

Section 1692g of the FDCPA provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must send the consumer a written notice stating, among other things, that unless the consumer disputes the validity of the debt within thirty days after receipt of the notice, the debt collector will assume that the debt is valid.  15 U.S.C. § 1692g(a)(3). Additionally, if the consumer disputes the debt in writing within the prescribed time period, then the debt collector must cease all collection efforts until it obtains verification of the debt or a copy of a judgment.  15 U.S.C. § 1692g(b).  If the information required by the statute is not communicated to the consumer, or if the information is confusing, § 1692g has been violated.  See McMillan v. Collection Prof'ls, Inc., 455 F. 3d 754, 758-59 (7th Cir. 2006).

In Count I of the Complaint, Plaintiff alleges that Defendant violated §§ 1692g(a)(3) and 1692g(b).  To support these allegations, she points to the collection agent's statements that Plaintiff could not dispute the debt and that Defendant would not report a dispute to the credit bureaus.  See Am. Compl. at ¶¶ 26-27.  Defendant points out, however, that

Plaintiff did not allege any facts specifying whether or not she had received the § 1692g notice from Defendant, or whether she disputed the debt within the prescribed time period, which would then obligate Defendant to cease collection efforts until it verified the debt or obtained a copy of a judgment.  Plaintiff does not dispute these omissions.  As there are no facts plead to suggest that Defendant failed to comply with the requirements of § 1692g, the Court will dismiss Count I insofar as it is based on a violation of § 1692g(a)(3) or § 1692g(b).

**C. Sections 1692e and 1692f**

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representations or means," 15 U.S.C. § 1692e, or "unfair or unconscionable means," 15 U.S.C. § 1692f, to collect or attempt to collect any debt.  To determine if a collection demand is misleading or deceptive, Courts apply the "least sophisticated consumer" standard.  See United States v. Nat'l Fin. Serv., 98 F.3d 101, 135-36 (4th Cir. 1996).  This standard asks whether the least sophisticated debtor would likely be misled or deceived by the communication at issue.  See Gaetano v. Payco of Wis., Inc., 774 F. Supp. 1404, 1407 (D. Conn. 1990) (quoting Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir. 1988)).

**i. July 13, 2011, Telephone Conversation**

7

In her complaint, Plaintiff generally alleges that the statements made by Defendant during the July 13, 2011, phone conversation violated §§ 1692e and 1692f of the FDCPA because they were false, deceptive, misleading, and unfair. Specifically, she alleges that the statements were misleading because Defendant told her that she could not dispute the debt, that it would not report the debt as disputed to the credit bureau if it reported it to the credit bureau, and that, if reported, there would be adverse consequences to her credit. Am. Compl. At ¶¶ 11-14, 26-28.  Despite this factual content, Defendant argues that Plaintiff has not provided sufficient details and "offer[s] no underlying facts supporting her bald contention" that Defendant has violated §§ 1692e and 1692f.  ECF No. 17-1 at 4.  The Court disagrees.  Plaintiff has alleged a date on which she spoke to a collections agent, the name and extension of that agent, and the content of the conversation, which included a statement that Plaintiff could not dispute the debt.  This statement, which at this stage of the proceedings the Court will assume was made as alleged, is false and misleading because Plaintiff's right to dispute her debt does not expire.  See 15 U.S.C. § 1692g(c) ("failure of a consumer to dispute the validity of a debt. . . may not be construed by any court as an admission of liability"); Velderman v. Midland Credit Mgmt., Inc., No. 1:04-CV-269, 2005 WL 2405959 (W.D. Mich.

Sept. 29, 2005) ("a debt collector's statement violates the FDCPA if the statement misleads a consumer 'into believing that if the debt is not disputed within 30 days, federal law, rather than just the debt collector, will assume the debt to be valid and owing.') (quoting McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 745 (N.D. Ill. 2003)).

The Court can infer, based on the allegations in the Amended Complaint, that there was no reason why Plaintiff could not dispute her debt at the time of the July 13, 2011, conversation.  Therefore, as the least sophisticated consumer would be misled by the false statements uttered by the collections agent, Plaintiff has alleged sufficient facts to maintain a claim under §§ 1692e(10)[1] and 1692f, and the Motion will be denied with respect to these sections of the FDCPA.

### ii. July 14, 2011 Faxed Letter

The FDCPA's prohibition on the use of "false, deceptive, or misleading representations or means in connection with the collection of any debt", includes "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."  15 U.S.C. § 1692e(3).

---

[1] Plaintiff does not specific which provision of § 1692e she believes was violated by the alleged phone conversation, but in reviewing the statute the Court understands the alleged conduct to be a violation of 15 U.S.C. §1692e(10), which prohibits "the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

9

Maryland commercial law similarly prohibits "communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a . . . lawyer when it is not." Md. Code Ann., Com. Law § 14-202(9).

Plaintiff alleges that the faxed letter violates both § 1692e(3) and Maryland Commercial Law § 14-202 because it misrepresents that a lawyer was involved in the collection action. As evidence of this misrepresentation she points to the use of "The Brachfeld Law Group, PC" letterhead and references to the "firm" in the letter. Am. Compl. at ¶ 31, 35. Plaintiff also argues in her opposition that the discrepancy between the signatory name and the name on the fax cover sheet is misleading because even though the signatory is designated as a "Collections Manager," the name on the coversheet does not indicate a title, so a consumer might assume that a fax coming from a "Law Group" was sent by a lawyer. She argues that implicit in the representation that a law group is engaged in the debt collection effort is the threat that it will pursue legal action. Am. Coml. at ¶¶ 29, 31.

Plaintiff is correct that courts have found the use of attorney letterhead to be misleading in some circumstances, specifically when a collection agency merely used its relationship with a law firm to convey authority and credibility to induce a consumer to respond to the notice even though no

attorney was actually meaningfully involved in the collection action.  See, e.g., Gonzalez v. Kay, 577 F.3d 600, 604 (5th Cir. 2009); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996) ("Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency.").

Notwithstanding, a law firm or attorney may send a debt collection letter without violating the FDCPA as long as the letter does not misrepresent the attorneys' involvement.  Greco v. Trauner, Cohen, & Thomas, L.L.P, 412 F.3d 360, 364 (2d Cir. 2005).  In other words,

> an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

Id. (emphasis in original).  In Greco, the Court held that there was no violation of the FDCPA because "the defendants' letter included a clear disclaimer explaining the limited extent of their involvement in the collection" so that "the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims."  Id. at 365.

The faxed letter at issue in the present suit simply states:

> This letter shall serve to confirm that you have an outstanding balance with Salute Gold Card. It has been placed with our firm, Brachfeld Law Group for the above referenced amount [$2,198.36].

Am. Compl. Ex. 1. It also includes the same disclaimer approved by the Second Circuit in Greco, which states "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account," Am. Compl. Ex. 1, and language required by 15 U.S.C. § 1692e(11) explaining that the letter is an attempt to collect a debt. Moreover, the letter is signed by a "Collections Manager," not by anyone designated as an attorney.[2]

Viewing the contents of the faxed letter from the perspective of the least sophisticated consumer, this Court does not agree that it is plausibly misleading or gives the appearance of being authorized, issued, or approved by a lawyer. The letter does not include any threatening language, or mention settlements, legal action or lawsuits, terminology that might cause the least sophisticated consumer to assume that an attorney is meaningfully involved. Furthermore, it includes

---

[2] Plaintiff argues that the faxed letter is misleading because the name on the coversheet is not the same as the signatory name on the letter, and could be assumed by the least sophisticated consumer to be an attorney. Putting aside whether the least sophisticated consumer would reasonably jump to this conclusion, whether or not an attorney faxed the letter is irrelevant so long as the letter itself does not misrepresent the involvement of that attorney. The act of sending a fax does not imply the threat of legal action; it is merely an administrative task.

clear, court-approved disclaimer language.  Though the least sophisticated consumer standard is intended to protect the naïve, it presumes a basic level of understanding and willingness to read with care that does not allow for "bizarre or idiosyncratic interpretations of collection notices."  Nat'l Fin. Servs., 98 F.3d at 136.  For these reasons, the Court will dismiss the claims brought pursuant to 15 U.S.C. § 1692e(3) and Md. Code Ann., Com. Law § 14-202(9).

**D. Licensing**

Plaintiff's final set of allegations involve the Defendant's status as a licensed collection agency.  She alleges that the faxed letter she received from Defendant indicated that the letter was sent from Defendant's Ohio office, but Defendant is not licensed to collect debts in Maryland from its Ohio office.[3] Therefore, she argues, by threatening action that cannot legally be taken, i.e., collecting debts from an unlicensed location, Defendant has violated Section 1692e(5) of the FDCPA and § 14-202(8) of the MCDCA.[4]

---

[3] The Defendant is licensed by the state of Maryland only to collect Maryland debts from its California office and not from its Ohio office.  See ECF No. 8-2.

[4] Plaintiff does not specify which part of § 14-202 she believes has been violated by Defendants allegedly unlicensed-status, but upon reviewing the statute and the allegations in paragraph 35 of the Amended Complaint, the Court assumes that this alleged conduct would violate § 14-202(8), if there is any violation at all.

13

Maryland commercial law requires that a person have a license when doing business as a collection agency in the state. Md. Code Ann., Bus. Reg. § 7-301(a).  A license authorizes the person to do business as a collection agency at only one place of business, and requires a separate application and fee if it wishes to act as a collection agency from another place of business.  Id. at §§ 7-305, 7-302(c).

A violation of the Maryland Collection Agency Licensing Act ("MCALA") will not give rise to a private cause of action.  Id. at § 7-401; see also Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719, 727-28 (D. Md. 2011).  This Court, however, has held that a violation of the MCALA licensing requirement may support a cause of action under FDCPA Section 1692e(5) or MCDCA § 14-202(8), which prohibits a debt collector from threatening to take any action that cannot legally be taken to collect debts.  Bradshaw, 765 F. Supp. 2d at 728, 733.  This is because, if a collection agency is not licensed to do business in Maryland, it would be illegal for it to threaten to take legal action against a debtor.  See Nat'l Fin. Serv., 98 F.3d at 235-36; see also Bradshaw, 765 F. Supp. 2d at 729.

Courts have split over whether a debt collector who has not been properly licensed by the state has violated § 1692e by simply attempting to collect a debt.  Compare Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (holding that

14

defendant's collections, although apparently in violation of state law, were innocuous and not in violation of the FDCPA), Niemiec v. NCO Fin. Sys., No. 1:05cv219, 2006 WL 1763643, at *9 (N.D. Ind. June 27, 2006), and Pescatrice v. Elite Recovery Servs., No. 06-61130-CIV-COHN, 2007 WL 1192441, at *4 (S.D. Fla. Apr. 23, 2007); with Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471 (M.D. La. 1995) (holding that two letters that were designated as "attempting to collect a debt" sent by defendant company not licensed to collect debts in the state violated § 1692e), Kuhn v. Account Control Tech., 865 F. Supp. 1443, 1452 (D. Nev. 1994) (holding that unlicensed collection actions that involved telephone calls demanding payment violated § 1692e); see also Gaetano, 774 F. Supp. at 1414.

This Court recently held in Bradshaw that "a violation of Maryland's MCALA licensing requirement may support a cause of action under the FDCPA." Bradshaw, 765 F. Supp. 2d at 729 (emphasis added). Notwithstanding, this Court declined to hold that any violation of state law amounted to a per se violation of the FDCPA. See id. (emphasis added). In Bradshaw, the defendants filed lawsuit without a license, which the court held was a violation of the FDCPA. See id.

In the present case, however, the faxed letter did not threaten legal action, and would be viewed by the "least sophisticated debtor" as a reminder and not as a threat. See

15

Wade, 87 F.3d at 1100. The letter "contain[s] no reference, either direct or implicit, to suit, lawsuit, legal action, or litigation." Gaetano, 774 F. Supp. at 1408. The only language that could potentially be construed as threatening is that which is expressly required by 15 U.S.C. § 1692e(11)[5], but such language merely informs a consumer that the correspondence is connected to an attempt to collect a debt and does not itself threaten legal action or even indicate that any action will be taken from the unlicensed location sending the correspondence. As such, the Court holds that the faxed letter is not plausibly a threat to take action that could not legally be taken, so the claims brought under 15 U.S.C. § 1692e(5) and Md. Code Ann., Com. Law § 14-202(8) related to Defendant's unlicensed Ohio office will be dismissed.

**IV. CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss will be GRANTED IN PART and DENIED IN PART. The Motion to Dismiss will be granted as to Count I claims made under 15 U.S.C. §§ 1692e(3), 1692e(5), 1692g, and all Count II claims, and be denied as to Count I claims made under 15 U.S.C. §§

---

[5] This provision requires that a debt collector must disclose in communications that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

16

1692e(10) and 1692f.  A separate order consistent with this memorandum will be issued.

                                              _____/s/_____
                                              William M. Nickerson
                                              Senior United States District Judge

DATED: June 28, 2012